| STERLING DOUCETTE, DAVID NIXON, AND LEON RICHARD | * | NO. 2024-CA-0585 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| EASTOVER PROPERTY OWNERS' ASSOCIATION, INC. AND EASTOVER NEIGHBORHOOD IMPROVEMENT AND SECURITY DISTRICT | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-13803, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

ON APPLICATION FOR REHEARING

Shermin S. Khan
THE KHAN LAW FIRM, L.L.C.
2714 Canal St.
Suite 300
New Orleans, LA 70119

Gavin M. Richard
THE LAW OFFICE OF GAVIN M. RICHARD, L.L.C.
1100 Poydras Street, Suite 2900
New Orleans, LA 70163

     COUNSEL FOR PLAINTIFF/APPELLANT

Nancy A. Cundiff
Steven S. Stastny
Caroline J. Mowrey
GORDON REES SCULLY MANSUKHANI, LLP
201 St. Charles Avenue, Suite 2500
New Orleans, LA 70170

     COUNSEL FOR DEFENDANT/APPELLEE

**LIMITED REHEARING GRANTED; RELIEF DENIED;**
**ORIGINAL OPINION AFFIRMED**
**JUNE 17, 2025**

SCJ
JCL
RDJ

We grant appellees', Eastover Property Owners Association, Inc. ("EPOA") and Eastover Neighborhood Improvement and Security District ("ENISD"), application for rehearing for the limited purpose of addressing their arguments that this Court erred in finding that they did not produce all the records requested by the plaintiffs, that the plaintiffs prevailed in their request for public records from ENISD, and the trial court did not consider the plaintiffs' claim under La. R.S. 44:35(E)(1).

Subsequent to this Court's May 22, 2025 decision, the appellees filed an application for rehearing, seeking reconsideration of our decision. First, the appellees argue that they produced all requested records. We disagree. On April 11, 2023, plaintiffs requested access of various records. Thereafter, in October 16, 2023, the plaintiffs corresponded with the defendants explaining that there were outstanding requests. Thereafter, on December 28, 2023, the plaintiffs filed a petition for writ of mandamus to compel production of the outstanding requests.

1

The appellees argument that examination of the hearing transcript reveals that all requested documents were produced is misplaced. The March 18, 2024 hearing transcript reveals that the trial court navigated through categories of items that were produced and those that were outstanding.

Next, the appellees contend that the plaintiffs did not prevail because the appellees agreed to allow inspection and production of any and all requested documents that were not already produced to the plaintiffs to conserve judicial resources. The appellees further contend that the plaintiffs did not prevail in their suit against ENISD. However, the appellees fail to consider that the trial court denied ENISD's peremptory exceptions of no right of action and no cause of action for lack of timeliness. As such, the plaintiffs' mandamus claims against ENISD proceeded. Moreover, the trial court granted in part the plaintiffs' writ of mandamus and ordered that the defendants make particular items available to the plaintiffs for inspection and photocopying.

Lastly, the appellees assert that the trial court addressed civil penalties. As provided in our earlier opinion, the March 18, 2024 transcript reveals that there was no consideration of the plaintiffs' claim under La. R.S. 44:35. Moreover, the May 31, 2024 judgment reveals that the trial court deferred ruling on attorney's fees and costs. Therefore, this argument is without merit.

For these reasons, we grant a limited rehearing, deny relief, and affirm our original opinion.

**LIMITED REHEARING GRANTED; RELIEF DENIED;
ORIGINAL OPINION AFFIRMED**